# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

CAMP FIRE USA,            )
                                  )
          Plaintiff,      )
v.                             )      Case No. 4:13-cv-01108-FJG
                                  )
CAMP FIRE USA NORTHERN  )
STAR COUNCIL,           )
                                  )
          Defendant.    )

## <u>ORDER</u>

Currently pending before the Court is a Notice of Filing of Proposed Distribution Report (Doc. # 32) and Joint Emergency Motion for an Order Approving Sale Procedure, Authorizing Sale of All Remaining Assets, Setting Hearing Date On the Sale and Specifying the Form of Notice (Doc. # 34).

In the Proposed Distribution Report, the Receiver states that it has mailed notice by first class mail to all persons or entities that the Receiver reasonably believes may have a claim against the defendant. The Notice stated that any potential creditor must submit a written notice of a claim before December 19, 2014. The Receiver also published notice of the Claims Bar Date in a local newspaper three times within a twenty-one day period prior to the Bar Date. The Receiver has attached a report which shows all the known claims, the claim amounts and the addresses of the creditors. The Receiver states that he will serve the proposed Distribution Report upon all parties and the known creditors who filed a proof of claim and any party in interest shall have until March 19, 2015 to file an objection to the Proposed Distribution.

After reviewing the report, the Court has questions regarding two of the claims. The first is A.R. Audit Services, Inc.'s claim for $2,118.09. Under the description of the claim, it is listed only as "Garnishment." Additionally, the second claim which the Court has questions regarding is: Zimmerman Investments-MN, LLC. The claim is for $19,896.21 and the description of the claim is "Rent." Before approving the Proposed Distribution Report, the Court would like the Receiver to provide a further explanation as to what these two claims represent.

In the Emergency Motion Seeking Approval of the Sale Procedure and Authorizing the Sale of the Remaining Assets, the Receiver seeks permission to sell eighty-eight acres of land including various buildings and personal property located in Vergas, Minnesota. The motion states that the Receiver has "conducted reasonable and appropriate due diligence regarding, inter alia, the value of the Campground, the universe of potential interested parties and the most suitable means to sell the Campground." (Emergency Motion, p. 4). The Motion further states that the Receiver has received an offer to purchase the Campground for one million two hundred thousand dollars ($1,200,000.00). The Receiver requests that the Court enter an order approving the following sale procedure:

> a) Within three (3) business days after the entry of the Sale Procedures Order, Receiver shall serve on the following entities (except with respect to those parties receiving electronic notice), via first-class mail, a notice of the sale procedure ("Sale Notice"): all parties to this proceeding and all parties listed on the attached Exhibit B - Notice List ("Notice Parties").

> b) The Notice Parties shall have 7 days from service to object to the Sale Procedure Order.

> c) If the Notice Parties do not object to the Sale Procedure Order within the 7-day objection period, the Notice Parties have waived the sale and notice requirements of 28 U.S.C. § 2001(b).

2

d) The Receiver will sell the Assets by private sale to Covenant Capital for the Purchase Price, under the terms and conditions of the attached Purchase Agreement, or an agreement with substantially similar terms and conditions.

e) The District Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of the Sale Procedure Order.

f) The Receiver reserves the right to modify, amend, or change the above described terms prior to any hearing held regarding the instant Motion.

The Receiver acknowledges that a private sale of realty is governed by 28 U.S.C. §2001(b), and that the statute imposes certain conditions on a private sale. The statutes states in part:

b) After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. *Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property* or different groups of three appraisers each to appraise properties of different classes or situated in different localities. *No private sale shall be confirmed at a price less than two-thirds of the appraised value.* Before confirmation of any private sale, *the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation.* The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

28 U.S.C.A. § 2001(emphasis added).

The Receiver states that courts are endowed with discretion to vary from this procedure if it is in the best interests of the receivership estate and also notes that parties may waive the requirements of the statute. In this instance, the Receiver states that the proposed sale procedure will produce a value that is fair and reasonable and that it has sufficient safeguards to solicit the highest price that a willing buyer will offer. The Receiver states that the assets have been marketed extensively and the purchase

price will be sufficient to pay off all claimants. The Receiver also represents that the plaintiff is in agreement with the proposed sale.

In Huntington Nat. Bank v. Najero, Inc., No. 13-11632, 2014 WL 5473054 (E.D.Mich. Oct. 27, 2014), the Court noted that the requirements of the statute cannot be waived by the Court, but could be waived by the parties. However, in that case, the Court noted that the Order appointing the Receiver contained language which narrowed the Receiver's authority: "The Receiver is authorized to . . .expeditiously and diligently sell . . .the Norian Property [and other properties and assets], with the approval of the Court, *consistent with the provisions of 28 U.S.C. § 2001(a)* . . .." Id. at *2. The Court in that case found that "the stipulated order did not waive the §2001 requirements, as it specifically authorizes the Receiver to sell the properties 'with the approval of the Court, consistent with the provisions of 28 U.S.C. §2001(a).'" Id. The Court denied the Receiver's motion to confirm the contract for sale of the property, noting that it did "not have authority to confirm the proposed contract for sale of the Norian Property because the mandatory requirements of the §2001(b) have not been fulfilled." Id.

In the instant case, the Order appointing the Receiver states:

19. The Receiver is authorized to sell the Assets, *subject to the provisions of 28 U.S.C. §§ 2001,* 2002 and 2004 free and clear of liens, interests and encumbrances. The Receiver is authorized to employ such real estate agents or brokers as the Receiver deems necessary or appropriate to assist in that process.

(Doc. # 9, p. 8)(emphasis added). Thus, the Court finds that the circumstances in this case are similar to those in Huntington Bank, and because the language appointing the Receiver states that the sale must be subject to the statute, the Court finds that there has been no waiver of the statutory requirements. The Receiver states that the plaintiff

4

is in agreement with the motion, but that is not sufficient to waive the statutory requirements. The Court concludes therefore that it has no authority to approve the sale procedure which has been proposed by the Receiver.  Accordingly, the Court hereby **DENIES WITHOUT PREJUDICE** the Receiver's Emergency Motion for Approval of the Sale Procedure, Authorizing Sale of All of Defendant's Assets, Setting Hearing  Date on the Sale and Specifying the Form and Manner of Notice (Doc. # 34).  The Receiver may refile a Motion for Approval of the Sale Procedure, attaching a signed waiver of the requirements contained in § 2001(b).  However, the Court would like the Receiver to state whether an appraisal of the property was ever conducted and why the requirements of the statute could not be followed.

Date:  March 9, 2015                                  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                              Fernando J. Gaitan, Jr.
                                                              United States District Judge

5