UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CAMP FIRE NATIONAL HEADQUARTERS f/k/a CAMP FIRE USA, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:13-CV-01108-FJG |
| CAMP FIRE USA NORTHERN STAR COUNCIL, | ) ) ) ) | |
| Defendant. | ) | |

## FINAL REPORT OF RECEIVER

COMES NOW Copaken Brooks, LLC ("Copaken Brooks" or "Receiver"), Receiver of the Assets of Camp Fire USA Northern Star Council ("Defendant" or the "Council"), by and through undersigned counsel, and for its Final Report of Receiver, does state and allege as follows:

**Background**

1. On November 12, 2013, Plaintiff Camp Fire National Headquarters f/k/a Camp Fire USA ("Camp Fire" or "Plaintiff") filed its Complaint seeking judgment against Defendant for breach in terms of a Charter Contract ("Contract") between Plaintiff and Defendant.

2. Plaintiff is a Missouri not-for-profit corporation that coordinates the Camp Fire movement. Under the Contract, Defendant must transfer all of its assets to Plaintiff upon dissolution, liquidation, or other permanent cessation of operations of the Defendant.

3. As set forth in the Complaint and accompanying exhibits, the Defendant has ceased its operations, is no longer in good standing to conduct business in the state of Minnesota, and has

no employees or acting board members. The Defendant took no steps to dissolve the organization and liquidate its assets, as it was required to do under the Contract.

4. On December 11, 2013, the Court entered its Order Appointing Receiver (Doc. 9), in which Copaken Brooks was appointed Receiver of Defendant and all of its real or personal property assets, wherever they may be located.

5. In the Order Appointing Receiver, the Court vested Receiver with numerous duties and powers, including *inter alia* (1) managing the assets of Defendant; (2) retaining agents or brokers to assist in pursuing a sale of the assets; (3) employing attorneys to assist in carrying out the Receiver's duties; (4) selling the assets subject to the provisions of 28 U.S.C. §§ 2001, 2002 and 2004 free and clear of liens, interests and encumbrance; and (5) applying proceeds from the liquidation of the assets to satisfy the valid debts of the Defendant, including the operating expenses of administering the receivership estate, applying any excess proceeds to the Plaintiff, and taking any other actions it deems proper to protect, maintain, and liquidate the Defendant and its assets.

6. This Court approved a proposed sale of the Campground to Covenant Capital ("Buyer") via its Order: (i) Approving Sale Procedure, (ii) Authorizing Sale of Substantially All of the Defendant's Assets, (iii) Setting Hearing Date On the Sale, and (iv) Specifying The Form and Manner of Notice (Doc. 40) ("Sale Order") on April 8, 2015, without objection by any creditor of the Receivership estate.

7. On June 2, 2016, the Court entered its Order Approving Second Amended Joint Motion For Order: (I) Approving Updated Sale Procedure, (II) Authorizing Sale Of Substantially All Of The Defendant's Remaining Assets, (III) Setting Hearing Date On The Sale If Necessary; (IV) Approving Updated Notice Of Filing Of Proposed Distribution Report, Itemization Of

Claims, And Itemization Of Known And Estimated Receivership Expenses; (V) Approving Disbursement Of Funds; And (VI) Approving The Form And Manner Of Notice Thereof ("Amended Sale Order") (Doc. 51).

8. The Receiver sold the Campground to the Purchaser as approved in the Amended Sale Order and closing took place on June 24, 2016 and was conducted by All American Commercial Title. A true and correct copy of the Commercial Closing Statement as acknowledged by the Receiver and the purchaser was attached to the Receiver's Status Report and Report of sale of Real Property filed July 5, 2016 (Doc. 53).

9. In addition, as authorized by the Amended Sale Order, the Receiver, through its agent All American Commercial Title, distributed funds to creditors, claimants, and the Plaintiff as more fully set forth in the Amended Sale Motion and the Updated Distribution Report attached as an exhibit to the Amended Sale Motion. The various distributions included distributions for Receivership Claims, Expenses and the Interim Distribution of $528,000 made to Plaintiff.

10. On September 14, 2016 (Doc. 55), the Court entered its Order approving the Motion For Order: (I) Approving Final Disbursement Of Funds; And (II) Approving The Form And Procedure For Termination Of Receivership, which approved the Process for the Receiver for terminating the Receivership and discharging the Receiver from its duties contingent upon completion of the following duties: (a) file a tax return for the receivership estate, (b) pay the expenses of the Receivership, and (c) remit all remaining proceeds of the Receivership estate to the Plaintiff.

**Report of Receiver**

11. Receiver has now paid all creditors of the Receivership estate, paid the expenses of the Receivership, remitted all remaining proceeds of the estate to the Plaintiff, and a final tax return has been filed. These payments consist of the following:

a) Legal fees for Receiver's counsel Lentz Clark Deines PA ("LCD") for May 2016 thru July 2016 in the amount of $4,239.50, and $1300.00 for legal services for finalizing and terminating the receivership for August and September 2016 for a total of $5,539.50[1];

b) Accounting fees for Howe & Company to prepare Receiver's tax return in the amount of $4,000.00;

c) Receiver's fees for Copaken Brooks for accounting service for July thru September 2016 in the amount of $600.00;

d) The utility invoice in the amount of $21.00 estimated by the Receiver $21.00 invoice has already been addressed and was not required to be paid by the Receiver. It is to be paid by the new owner now that the utility company has the owner's contact information and billing information.;

e) A final distribution to the Plaintiff in the amount of $21,382.01 ("Final Distribution").

WHEREFORE, the Receiver and Plaintiff respectfully request that the Court (1) Approve the distributions as set forth above; (2) Discharge the Receiver from its appointment as Receiver and discharge the Receiver from all duties in this Case and release the Receiver from its bond; (3) close this action; and (4) for such other relief as is just and proper.

---

[1] The final fees of LCD include $400 for the estimated time for the final revision and filing of this Final Report and order approving same.

Respectfully submitted,

LENTZ CLARK DEINES PA

s/ Shane J. McCall
Jeffrey A. Deines, MO # 53531
Shane J. McCall, MO # 63549
9260 Glenwood
Overland Park, KS 66212
(913) 648-0600
(913) 648-0664 Fax
jdeines@lcdlaw.com
smccall@lcdlaw.com
**Attorneys for Receiver**

And approved by:

s/ Matthew L. Faul
Matthew L. Faul 57397MO
2345 Grand Ave., Ste. 2200
Kansas City, MO 64108
(816) 460-5342
Fax: (816) 292-2001
Email: mfaul@lathropgage.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, 2016, a true and correct copy of the above and foregoing Motion was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system, and served the following by first-class mail, postage prepaid to the party listed below:

Cindy Charlton, President
Northern Star Council of Camp Fire
807 16th St., North
Moorhead, MN 56560

s/ Shane J. McCall
Shane J. McCall